IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA :
:
v. : Criminal No. DKC 15-0598
:
PALMER ROBINSON :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution is an appeal from a judgment of conviction filed by Appellant Palmer Robinson ("Appellant"). For the following reasons, the judgment will be affirmed.

**I. Background**

On October 19, 2014 Prince George's County Police Officer M. Donahue responded to a call about a single-car accident. (ECF No. 12, at 12). Officer Donahue notified the United States Park Police of the incident because the accident occurred on the United States Fish and Wildlife Refuge (the "Fish and Wildlife Refuge"). United States Park Police Officer Megan Farrell responded to the scene. (*Id.* at 26). After questioning Appellant and conducting field sobriety tests, Officer Farrell arrested Appellant. At the United States Park Police Station, she administered two breath tests, which indicated a blood alcohol content of .101 and .099. (*See* ECF Nos. 11, at 2; 12,

at 76). The Government subsequently charged Appellant with (1) driving under the influence of alcohol; (2) driving while intoxicated; (3) unsafe operation of a motor vehicle; (4) failure to maintain proper control; and (5) damage to government property.

On November 12, 2015, the case proceeded to bench trial before Magistrate Judge Thomas M. DiGirolamo. Appellant objected to a Memorandum of Understanding between the United States Fish and Wildlife Service and the United States Park Police (the "Memorandum of Understanding"). Judge DiGirolamo declined to admit the document, but took "judicial notice of the fact that Park Police has authority to perform law enforcement functions on Fish and Wildlife." (ECF No. 12, at 63-64). The Government called Officers Donahue and Farrell to testify. Both officers stated that Appellant had the smell of alcohol on his breath. (*Id.* at 18, 31). Officer Farrell explained that based on her observations and Appellant's performance on the field sobriety tests, she placed Appellant under arrest and administered the breath tests. (*Id.* at 41-42). Based on the testimony and evidence, Judge DiGirolamo found Appellant guilty of all charges. (*Id.* at 77-78).

Appellant was granted three motions for extension of time to file an appeal. (ECF Nos. 4; 6; 8). On April 18, 2016

Appellant filed the pending appeal (ECF No. 9), and the Government responded (ECF No. 11).

**II.  Standard of Review**

Pursuant to Fed.R.Crim.P. 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry" by "fil[ing] a notice with the clerk specifying the judgment being appealed and . . . serv[ing] a copy on the adverse party."  Rule 58(g)(2)(D) provides that "[t]he scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge."  The record on appeal consists of the original papers and exhibits in the case, together with any transcript, tape, or other recording of the proceeding and a certified copy of the docket entries.  Fed.R.Crim.P. 58(g)(2)(C).

In reviewing a judgment of conviction entered by a magistrate judge, a "district court utilizes the same standards of review applied by a court of appeals in assessing a district court conviction," rather than conducting a "trial de novo." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).  A magistrate judge's conclusions of law are subject to de novo review, while his findings of fact are reviewed only for clear error, just as would be the case were the matter on appeal from a District Court bench trial to a Court of Appeals.  *See United*

*States v. Orme*, 851 F.Supp. 708, 709 (D.Md. 1994), *aff'd*, 51 F.3d 269 (4th Cir. 1995).

Review for sufficiency of the evidence proceeds on a familiar standard:

> "A defendant challenging the sufficiency of the evidence faces a heavy burden." *United States v. Foster*, 507 F.3d 233, 245 (4th Cir. 2007). In a sufficiency of the evidence challenge, [the court] view[s] the evidence on appeal in the light most favorable to the government in determining whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *United States v. Collins*, 412 F.3d 515, 519 (4th Cir. 2005). [It] review[s] both direct and circumstantial evidence, and accord[s] the government all reasonable inferences from the facts shown to those sought to be established. *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). [It does] not review the credibility of the witnesses and assume[s] that the [fact-finder] resolved all contradictions in the testimony in favor of the government. *United States v. Kelly*, 510 F.3d 433, 440 (4th Cir. 2007). [The court] will uphold the [fact-finder's] verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution. *Foster*, 507 F.3d at 244–45.

*United States v. Cone*, 714 F.3d 197, 212 (4th Cir. 2013).

**III. Analysis**

Appellant contends that Judge DiGirolamo erred in taking judicial notice of the Memorandum of Understanding and in finding him guilty of all charges despite insufficient evidence. (ECF No. 9, at 1).

Appellant asserts that consideration of the Memorandum of Understanding at trial was inappropriate. Specifically, Appellant contends that the "Memorandum of Understanding formed the cornerstone" of his conviction and "[b]y not forcing the government to lay a foundation for the admissibility of this memorandum of understanding, the Court in effect has removed the ability of [Appellant] to properly confront his accuser." (ECF No. 9, at 4). Appellant's continued focus on the Memorandum of Understanding is misguided and unavailing. He did not move at trial to suppress evidence as being obtained in violation of the Fourth Amendment, and there is no indication that such a motion would have been successful. *See United States v. Atwell*, 470 F.Supp.2d 554, 573 (D.Md. 2007) (holding that "standing alone," an officer's arrest of a defendant outside the officer's territorial jurisdiction "does not rise to the level of a constitutional violation"). Although Appellant attempted to elicit testimony at trial that his automobile may have been on county property, it is now undisputed that the automobile was on federal property, giving this court jurisdiction. Accordingly, it is not necessary to determine the propriety of the discussion regarding the Memorandum of Understanding at trial.

Appellant also challenges the sufficiency of the evidence to convict him of the alcohol-related offenses. Based on the evidence presented, Judge DiGirolamo found that Appellant had

the smell of alcohol on his breath, had alcohol in his system, admitted that he was driving and was the only person in the car, and denied drinking that day. (ECF No. 12, at 76-77). Appellant fails to meet the heavy burden of showing that the Government has offered insufficient evidence that Appellant was driving under the influence. Eyewitness testimony or other evidence from the specific time of the accident is not required. *See United States v. McCavcock*, No. 7:05-M-404, 2005 WL 2675109, at *3 (W.D.Va. Oct. 18, 2005). While the Government has presented less evidence regarding the specific time of the accident than the Government did in *McGavock*, "reasonable inferences [may] be drawn from the totality of the circumstances" to find that Appellant was driving under the influence. (ECF No. 12, at 77). Although Appellant argued at trial that he may have been drinking only *after* the accident, at the scene of the accident Appellant denied drinking at all that day, which Judge DiGirolamo found weakened the credibility of Appellant's argument. (*Id.*). A trial judge's credibility determinations are not subject to review. *Kelly*, 510 F.3d at 440.

Similarly, in regard to his conviction for damage to government property, Appellant has not met his heavy burden in showing that Judge DiGirolamo committed clear error in finding that Appellant's actions damaged the fence, which was the

6

property of the Fish and Wildlife Refuge. *See Orme*, 851 F.Supp. at 709 ("A magistrate judge's . . . findings of fact are reviewed only for clear error."). As evidence, the Government presented a photograph of Appellant's car on top of a fence with a sign stating "U.S. Fish and Wildlife Refuge. Federal Property." (ECF No. 12, at 29). This evidence, combined with the officers' testimony, supports a finding that Appellant damaged government property.

Finally, Judge DiGirolamo did not err in finding Appellant guilty of unsafe operation of a motor vehicle and failure to maintain proper control.  Appellant argues that "[t]he mere happening of [an] accident is not enough" to support an unsafe operation conviction.  (ECF No. 9, at 9 (citing *Powers v. Commonwealth*, 211 Va. 386, 388 (1970)).  The evidence here, however, shows far more than a "mere accident."  According to the officers' testimony, Appellant admitted that he fell asleep at the wheel.  (ECF No. 12, at 13-14, 30-31).  Moreover, the Government established, through testimony and evidence, that Appellant was driving under the influence.

Accordingly, Appellant has failed to meet his heavy burden in challenging the sufficiency of the Government's evidence.

**IV. Conclusion**

Based on the foregoing, the judgment against Appellant will be affirmed.

          /s/
DEBORAH K. CHASANOW
United States District Judge
